IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00487-M-RJ

| | |
|---|---|
| AMANDA SAFFOLD,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST-CITIZENS BANK & TRUST COMPANY,<br><br>    Defendant. | ORDER |

    Amanda Saffold ("Plaintiff") brought this action under the Fair Credit Reporting Act ("FCRA"), alleging that First-Citizen Bank & Trust Co. ("Defendant") unlawfully continues to report a past-due balance on her consumer credit report in violation of a prior settlement agreement. DE 1. Pending before the court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 14]. For the following reasons, the motion is denied without prejudice.

**I.    Factual Allegations**

    The following are relevant factual allegations (as opposed to statements of bare legal conclusions, unwarranted deductions of fact, or unreasonable inferences) made by Plaintiff in her complaint, which the court must accept as true at this stage of the proceedings. *See Kashdan v. George Mason Univ.*, 70 F.4th 694, 700 (4th Cir. 2023). The court also recounts the applicable provisions of the parties' settlement agreement, which is referenced in the complaint and provided by both parties alongside their respective memoranda. *See U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014).

Plaintiff is a consumer who maintains an account with Defendant. DE 1 at ¶ 14, 18. In 2020, Defendant attempted to collect on a debt associated with the account. *Id.* at ¶ 19; DE 15-1 at 2. At the time, Plaintiff alleged that Defendant did so in a way that violated federal and state law. *Id.* The parties ultimately came to a resolution and executed a settlement agreement. DE 15-1. Four provisions of the agreement are relevant to the pending motion. Paragraph 2.3 provides that:

> **Release by Consumer:** In consideration of the terms, conditions and mutual releases contained in this Agreement, Consumer fully releases and forever discharges Collector and Creditor, and their respective officers, directors, employees, agents, attorneys, predecessors, successors, insurers, affiliates, subsidiaries, and parents from and against any and all liabilities, claims, demands, administrative complaints, causes of action and suits that Consumer, has or may have, of whatever kind and nature, known or unknown, now existing and up to the Effective Date, related to the Account. Consumer further agrees not to initiate any complaint, petition, or other legal action against Collector or Creditor in any court or with any administrative or regulatory authority related to any allegations concerning the Account or its collection.

*Id.* at 2. Paragraph 2.4 provides that:

> **Release by Collector and Creditor**: In consideration of the terms, conditions and mutual releases contained in this Agreement, Creditor and Collector each fully releases and forever discharges Consumer, Consumer's heirs, marital community, and any other who may be claimed liable for the Account, from and against any and all liabilities, claims, demands, administrative complaints, causes of action and suits that Creditor or Collector, has or may have, of whatever kind and nature, known and unknown, now existing and up to the Effective Date, related to the Account.

*Id.* at 3. Paragraph 2.5 provides that:

> **Cessation of Collection Activity:** Creditor represents that it is the sole owner of the Account and that as of the Effective Date of this Agreement, it shall suspend, terminate and refrain entirely from engaging in any and all collections activity, whether directly or indirectly, toward Consumer with regard to the Account, and that Creditor shall not sell, assign, or otherwise transfer any interest in the Account to any other person or entity.

*Id.* Paragraph 3.7 provides:

> **Default and Notices:** In the event of any default, breach, conflict, claim or dispute. between the Parties affecting or relating to the subject matter of this Agreement,

2

> the prevailing party shall be entitled to seek reimbursement of all expenses, including but not limited to attorneys' fees and costs. Whether to award costs and attorneys' fees shall be determined by the court in which judgment was obtained by the prevailing party. To provide an opportunity to avoid any disputes, the Parties are entitled to notice from each other of any claimed breach or default of this Agreement. After notice of breach or default is provided, the alleged defaulting or breaching party shall have fourteen (14) calendar days to cure the noticed, alleged breach or default.

*Id.*

Plaintiff alleges that the Agreement resolved her liability for the debt. DE 1 at ¶ 20. Nevertheless, a consumer credit report generated by TransUnion, LLC, a credit reporting agency, indicated that the account had a past-due balance and a derogatory charge-off status. *Id.* at ¶ at 15, 21. So, on February 5, 2024, Plaintiff sent a written dispute to TransUnion, contesting the accuracy of this information. *Id.* at ¶ 23. Plaintiff alleges that TransUnion received this communication and forwarded it to Defendant but that neither entity took any action to correct the error or otherwise communicate with Plaintiff. *Id.* at ¶ 25–31.

## II. Procedural History

On August 26, 2024, Plaintiff filed suit against Defendant and TransUnion, alleging three counts of FCRA violations. DE 1 at 4–6. On September 17, 2024, Plaintiff voluntarily dismissed both claims against TransUnion with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). DE 8. Her sole remaining claim is against Defendant, and it alleges that it violated the FCRA by failing to investigate and correct its reporting related to Plaintiff's account. *Id.* at 6–7. On December 2, 2024, Defendant filed the pending motion. DE 14.

## III. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A 12(b)(6) motion tests the sufficiency of this statement. Fed. R. Civ. P. 12(b)(6). First, the court must accept as true all well-

3

pleaded factual allegations contained within the pleading and must draw all reasonable inferences in the non-movant's favor. *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, "bare" factual assertions and "legal conclusions" proffered by the plaintiff need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009). Second, the non-movant's remaining allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility requires enough fact "to raise a right to relief above the speculative level." *Id.* at 555–56 ("[The standard] simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."). A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79; *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). This determination draws on "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. Discussion

Defendant advances three arguments in favor of dismissal. First, it argues that Plaintiff's complaint is barred by the plain language of the settlement agreement's release provisions. DE 15 at 6. Second, it argues that the terms of the settlement agreement do not impose on it any reporting obligations. *Id.* at 8. Finally, it argues that the complaint is barred by Plaintiff's failure to comply with the agreement's notice requirements. *Id.* at 9. The court agrees with only the final argument.

Though the mutual release in the agreement would ordinarily bar Plaintiff from initiating a second lawsuit related to the account, the complaint sufficiently alleges that Defendant breached the terms of the settlement agreement. Under North Carolina law,[1] settlement agreements "are

---

[1] The settlement agreement provides that any dispute between the parties concerning their obligations under the agreement "shall be governed by the laws of the state of North Carolina." DE 15-1 at ¶ 3.9.

4

governed by general principles of contract law." *Chappell v. Roth*, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001). Accordingly, in most instances, "if either party . . . commits a material breach of the contract, the non-breaching party is excused from the obligation to perform further." *McClure Lumber Co. v. Helmsman Const., Inc.*, 160 N.C. App. 190, 198, 585 S.E.2d 234, 239 (2003) (citing *Lake Mary Ltd. Part. V. Johnston*, 145 N.C. App. 525, 537, 551 S.E.2d 546, 555 (2001)). An exception to this rule is that "[f]ailure to perform an independent promise does not excuse nonperformance on the part of the other party." *Williams v. Habul*, 219 N.C. App. 281, 293–94, 724 S.E.2d 104, 112 (2012) (quotation omitted). Whether one promise is independent from another "depends entirely upon the intention of the parties shown by the entire contract[.]" *Harris & Harris Const. Co. v. Crain & Denbo, Inc.*, 256 N.C. 110, 117, 123 S.E.2d 590, 595 (1962).

First, under these circumstances, the court finds that the provision preventing Plaintiff from "initiat[ing] any complaint, petition, or other legal action" is dependent on the provision requiring Defendant to "fully release[] and forever discharge[]" Plaintiff from the debt associated with the account. *See* DE 15-1 at ¶¶ 2.3–2.4. The North Carolina Court of Appeal's opinion in *Williams* is instructive on that point. There, the parties to a securities fraud action entered into a settlement agreement in which the plaintiff agreed to dismiss his complaint with prejudice within five business days of receiving a payment for his membership interests from one of the defendants. 219 N.C. App. at 284, 724 S.E.2d at 107. The parties also agreed, in a separate provision, that one of the corporate defendants would continue to employ a man named Stepan Groninger. *Id.* After the business court entered an order requiring the plaintiff to dismiss his complaint, the plaintiff appealed, arguing that he was not required to dismiss his claim because the defendants had failed to employ Mr. Groninger, in violation of the settlement agreement. *Id.* at 293, 724 S.E.2d at 112.

The Court of Appeals disagreed, finding that the defendants' promise to employ Mr. Groninger was independent of the plaintiff's promise to dismiss his lawsuit. *Id.* at 294, 724 S.E.2d at 113. Specifically, it found that the agreement "expressly link[ed]" the plaintiff's dismissal obligation with the receipt of payment from defendants, but it did not include similar language linking the dismissal and employment obligations. *Id.* In other words, "[t]here was simply no nexus between" those two promises. *Id.* Here, unlike in *Williams*, the court finds that the unambiguous intention of the parties was to make Plaintiff's obligation not to file a new lawsuit dependent on Defendant's obligation to discharge the debt and cease collection activity. Although the settlement agreement does not use language typically associated with a condition precedent, the agreement—which essentially imposes on each party a single obligation—would not make sense unless each condition was contingent on the other. The sole reason that Plaintiff would agree not to further pursue her legal claims would be because Defendant agreed to discharge her debt. The inverse is also true. So, the court finds that if Defendant breached its obligation to discharge Plaintiff's debt and cease collection activity, Plaintiff would be excused from her obligation not to initiate this lawsuit. *See McClure Lumber Co.*, 160 N.C. App. at 198, 585 S.E.2d at 239.

Second, the court finds that the complaint plausibly alleges a breach of the settlement agreement. Contrary to Defendant's position, the agreement did more than require it to cease collection activity. *See* DE 20 at 2. In Paragraph 2.4, it agreed to "fully release[] and forever discharge[]" Plaintiff from the debt associated with her account. DE 15-1 at 3. If, as alleged in the complaint, it continued to report to TransUnion that Plaintiff had a delinquent debt, it would have breached this obligation. *See* DE 1 at ¶¶ 21, 51. Defendant's second argument is therefore rejected.

However, while Plaintiff is not barred from bringing this type of claim, the court finds that she has not sufficiently alleged that she complied with the settlement agreement's notice provisions. The agreement provides that either party is "entitled to notice from each other of any claimed breach or default" and that after notice is provided, "the alleged defaulting or breaching party shall have fourteen (14) calendar days to cure the noticed, alleged breach or default." DE 15-1 at ¶ 3.7. The agreement further provides that notice to Defendant may be made by mail, personal delivery, or electronic mail, addressed as follows:

> First-Citizens Bank and Trust Company
> c/o Daughtry, Woodard, Lawrence, & Starling, LLP
> 401 College St.
> Clinton, NC 28328
> andrewdickerhoff@dwlslaw.com

*Id.* at ¶ 3.8. Although the complaint alleges "[u]pon information and belief" that TransUnion forwarded a copy of Plaintiff's written dispute to Defendant and that Defendant received this communication, it does not allege that Plaintiff herself provided notice in a manner consistent with Paragraph 3.8. DE 1 at ¶ 23–25. Because the settlement agreement requires Plaintiff to do so before pursuing further action, her complaint fails to state a claim upon which relief may be granted. *See Matthews v. Credit One Bank, N.A.*, No. GLR-20-228, 2021 WL 2457152, at *6 (D. Md. June 16, 2021) ("[Plaintiff] cannot avoid the notice requirements of the Settlement Agreement by styling her claim as one arising under the FCRA.").

Plaintiff requests leave to amend her complaint in the event the court finds that it was facially deficient. DE 16 at 6. Rule 15(a)(2) of the Federal Rules of Civil Procedure requires this court to "freely give" such leave "when justice so requires." Defendant argues that providing leave would be futile because the settlement agreement "creates an absolute bar to this action—one that Plaintiff cannot plead around." DE 20 at 4. But, for the reasons already stated, the court disagrees.

7

At present, the court lacks information regarding Plaintiff's communications sufficient to conclude that she could not, in good faith, allege that she sent Defendant notice in compliance with Paragraph 3.8 of the settlement agreement. Therefore, the court will deny Defendant's motion without prejudice and provide Plaintiff with the opportunity to cure this deficiency.

## V.     Conclusion

For these reasons, Defendant's motion [DE 14] is DENIED WITHOUT PREJUDICE. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff may file an amended complaint on or before October 14, 2025. If she fails to do so, or if the amended pleading fails to allege that Plaintiff complied with the notice requirements in Paragraph 3.8 of the settlement agreement, the court will entertain a renewed motion to dismiss and/or a motion to enforce the settlement agreement.

SO ORDERED this 30th day of September, 2025.

*Richard E Myers II*
_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE